UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ARSHDEEP SINGH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:25-cv-02437-SEB-KMB |
| | ) |
| SAMUEL OLSON, | ) |
| KERRY J. FORESTAL, | ) |
| KRISTI NOEM, | ) |
| U.S. DEPARTMENT OF HOMELAND | ) |
| SECURITY, | ) |
| EXECUTIVE OFFICE FOR IMMIGRATION | ) |
| REVIEW, | ) |
| | ) |
| Respondents. | ) |

**ORDER GRANTING PETITION FOR HABEAS CORPUS
AND DIRECTING FURTHER PROCEEDINGS**

Petitioner Arshdeep Singh ("Petitioner") is detained at the Marion County Jail in Indianapolis, Indiana, under the authority of U.S. Immigration and Customs Enforcement ("ICE"). He filed this writ of habeas corpus petition under 28 U.S.C. § 2241 seeking immediate release or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a) within five days. Dkt. 1. Petitioner argues that ICE is unlawfully detaining him under a statute making him ineligible for bond. Respondents argue that Petitioner's detention is lawful and that the only available remedy, if any, is a bond hearing.

The Court finds that Petitioner is statutorily eligible for bond and that his continued detention without an opportunity for a bond hearing violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Therefore, the Court grants the petition to the extent that, within **seven days** of this order, **Respondents are ordered** to either: (1) afford Petitioner an

1

individualized bond hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a); or (2) release Petitioner from custody, under reasonable conditions of supervision.

## I. Facts

Petitioner is a citizen of India who entered the United States without inspection on or about September 17, 2023, and he has lived therein ever since. Dkt. 11-1 at 5. On September 18, 2023, the Department of Homeland Security ("DHS") placed him in removal proceedings pursuant to 8 U.S.C. § 1229a. Dkt. 11-1 at 5.

If Petitioner was an "alien arriving in the United States," the government was obligated by statute to immediately order him removed from the United States or refer him to an asylum officer, at which point he would have been subject to either removal or mandatory detention pending review of his claims. 8 U.S.C. § 1225(b)(1). Alternatively, if Petitioner was "an applicant for admission" to the United States, the government was obligated to detain him pending resolution of removal proceedings. 8 U.S.C. § 1225(b)(2).

The government did not exercise either authority. Instead, a Customs and Border Patrol ("CBP") official issued a notice to appear directing Petitioner to appear before an IJ. *See* dkt. 11-1 at 5. The notice identifies Petitioner as "an alien present in the United States who has not been admitted or paroled," not as "an arriving alien." *Id*. The notice does not identify Petitioner as an applicant for admission. *Id.* Petitioner was not detained, and his removal proceeding is pending, as is an asylum application. Dkt. 11 at 4.

Petitioner asks the Court for habeas corpus relief based on his membership in the class granted relief in *Castanon Nava v. Dep't of Homeland Sec.*, No. 1:18-cv-03757, 2025 WL 6324179 (N.D. Ill. Oct. 7, 2025) (Count I), the government's violation of the Immigration and Nationality Act ("INA") (Count II), and the government's violation of his Fifth Amendment due process rights

2

(Count I(II). Dkt. 1 at 12-13. The respondents argue that Petitioner is not a member of the *Castanon Nava* class, whose membership is not automatic; that the petition is premature because Petitioner has yet to appear before an IJ to request bond; that Petitioner is properly detained pursuant to 8 U.S.C. § 1225, which does not provide for bond; and, that Petitioner's continuing detention does not violate due process. Dkt. 11.

## II. Exhaustion

Petitioner has yet to appear before an immigration judge.[1] Respondents argue that, as a result, the instant petition is premature because Petitioner has not exhausted all available administrative remedies. Petitioner argues that any attempt to exhaust his administrative remedies would be futile because an IJ would deny his request for a bond hearing under the recent Bureau of Immigration Appeals ("BIA") decisions *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), and *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025). Both *Yajure Hurtado* and *Q. Li* held that IJs do not have the authority to hold a bond hearing where the moving noncitizen entered the country without inspection.[2] Because Petitioner entered the country without inspection, if he were to move for a bond hearing, an IJ following these decisions would have to decline jurisdiction over the issue.

Respondents do not cite a statute requiring Petitioner to move for a bond hearing before an IJ before seeking habeas relief. In the absence of a statutory mandate, the Seventh Circuit holds that "sound judicial discretion governs" whether courts should require exhaustion. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). Requiring Petitioner to exhaust his administrative

---

[1] The Court notes that Petitioner is scheduled for a bond hearing on December 8, 2025. As this Order explains, however, under current BIA precedent, the immigration judge does not have jurisdiction to consider discretionary bond.

[2] As will be explained below, *Matter of Hurtado's* rationale is that noncitizens who entered without inspection are subject to the mandatory detention provision in § 1225, not the discretionary detention provision in § 1226(a).

3

remedies here would be futile. As another trial court in the Seventh Circuit has noted, "[Respondents'] argument is Kafkaesque. Requiring Petitioner to exhaust his administrative remedies would be futile because Respondents' position is that he is *statutorily precluded* from obtaining the relief he seeks. The Court declines to require exhaustion because [t]here is nothing to indicate the BIA would change its position [once] the BIA has predetermined the statutory issue." *Valencia v. Noem*, No. 25-CV-12829, 2025 WL 3042520, at *2 (N.D. Ill. Oct. 31, 2025) (internal quotes and citations omitted). As the government has done in other cases, Respondents here repeat the argument that Petitioner must exhaust his administrative remedies, but they do not deny that immigration judges and the BIA are bound to find Petitioner ineligible for bond pursuant to *Yajure Hurtado* and *Q. Li*. The Court finds that exhaustion of Petitioner's administrative remedies, such as they are, would be futile and, therefore, not required.

### III. Eligibility for Bond

Petitioner contends that the government's authority to detain him derives from 8 U.S.C. § 1226(a), which states, in relevant part:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [P]ending such decision, the Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on [. . .] bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or [. . .] conditional parole.

The government, however, argues that they are authorized to detain him by § 1225(b)(2)(A), which states: "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a" removal proceeding. The BIA provided its analysis of this authority as follows:

> Aliens, like the respondent, who surreptitiously cross into the United States remain applicants for admission until and unless they are lawfully inspected and admitted by an immigration officer. Remaining in the United States for a lengthy period of time following entry without inspection, by itself, does not constitute an "admission." *See* INA § 101(a)(13)(A), 8 U.S.C. § 1101(a)(13)(A) (2018) (defining "admission"). Likewise, being arrested pursuant to a warrant and placed into removal proceedings does not constitute an admission. Therefore, just as Immigration Judges have no authority to redetermine the custody of arriving aliens who present themselves at a port of entry, they likewise have no authority to redetermine the custody conditions of an alien who crossed the border unlawfully without inspection, even if that alien has avoided apprehension for more than 2 years.

*Yajure Hurtado*, 29 I. & N. Dec. at 228.

Petitioner bases his petition on the proposition that this reasoning—and therefore § 1225—does not apply to his arrest and detention. The government responds that, because Petitioner has applied for asylum, "he is plainly seeking admission to the United States," and so he is subject to mandatory detention under § 1225(b)(2)(A). Dkt. 11 at 10-11.

Since the BIA issued *Yajure Hurtado*, the federal courts have issued dozens of opinions in habeas actions by detainees claiming to be subject to § 1226 but who the government insists are subject to mandatory detention under § 1225. The Court is not aware of any case where an Article III Court has affirmed that § 1225 applies to an alien who entered the United States without inspection, was apprehended, then was released on his own recognizance, and then was arrested pursuant to a warrant. If such a case exists, the respondents have not cited it in their brief.

In this case, the Respondents' actions and their representations to Petitioner demonstrate that his detention is governed by § 1226, and detention pursuant to § 1225 was, therefore, incorrect.

If Petitioner was an applicant for admission by virtue of his entry into the United States, the government was statutorily obligated to detain him under § 1225(b) when it initially apprehended him. It did not do so. Instead, it released him. In such cases, § 1226 is the *only* basis for release. Under § 1225, the government could only remove him or detain him pending review

5

by an asylum officer. The fact that the government released Petitioner is strong evidence that he is subject to § 1226 rather than § 1225.

The facts of Petitioner's redetention also show that his custody is pursuant to § 1226. An alien "cannot be subject to both mandatory detention under § 1225 and discretionary detention under § 1226." *Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588, at *4 (S.D.N.Y. Aug. 13, 2025). The provisions "can be reconciled only if they apply to different classes of aliens." *Romero v. Hyde*, No. CV 25-11631-BEM, 2025 WL 2403827, at *11 (D. Mass. Aug. 19, 2025). According to ICE's own documents, Petitioner was an alien arrested and detained pursuant to a warrant. Dkt. 11-1 at 4. This makes them eligible for bond under the plain language of § 1226(a). *See Campos Leon v. Forestal*, No. 1:25-CV-01774-SEB-MJD, 2025 WL 2694763, at *3 (S.D. Ind. Sept. 22, 2025) ("It is difficult to find that § 1226(a) carries any meaning if the aliens it expressly addresses—those arrested and detained pursuant to warrants—are not actually subject to its provisions.").

Further, "the Government has affirmatively decided to treat" Petitioner "as being detained under Section 1226(a) and it cannot now be heard to change its position to claim that [he is] detained under Section 1225(b)." *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025) (citing *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)); *see also Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2741654, at *9 (N.D. Cal. Sept. 26, 2025) ("[T]he government cannot switch tracks and subject Petitioners to mandatory detention under section 1225(b)(2) when the government has instead placed Petitioners in removal proceedings under section 1229a and released them on their own recognizance under section 1226(a)."); *cf. Fornalik v. Perryman*, 223 F.3d 523, 530 (7th Cir. 2000) ("Where . . . the last office to act has full knowledge of the actions taken by other branches of the

same agency, it cannot simply issue a decision and expect its pronouncement to have no effect. . . . We REVERSE the judgment of the district court and REMAND this case with instructions to the Chicago office of the INS to respect the deferral decision currently in effect, unless and until, *through authorized procedures*, the agency as a whole comes to a final decision on Boguslaw Fornalik's status.") (emphasis added).

### IV. Fifth Amendment Due Process

Petitioner argues that his ongoing detention without a bond hearing violates his due process rights because the government has not made a determination about his dangerousness or flight risk. Dkt. 1 at 13. Respondents argue that Petitioner's detention is "reasonable" because he has not been detained for longer than six months. Dkt. 11 at 13-14. In this way, under *Zadvydas*, 533 U.S. at 701 and *Demore*, 538 U.S. at 528, Petitioner's detention is presumably not indefinite. *Id*.

Because Petitioner is entitled to habeas corpus relief on the grounds discussed above, however, the Court reserves judgment on Petitioner's Constitutional claims.

### V. Castanon Nava

Petitioner argues that he is entitled to relief under *Castanon Nava v. Dep't of Homeland Sec.*, No. 1:18-cv-03757, 2025 WL 2842146 (N.D. Ill. Oct. 7, 2025). In *Castanon Nava*, plaintiffs filed a class action lawsuit against the Department of Homeland Security and ICE seeking to ensure that ICE complied with its statutory obligations when conducting warrantless arrests of persons who have not obtained lawful immigration or citizenship status in the United States. *See id*. at *1. The parties entered into a settlement agreement which imposed several obligations on ICE related to warrantless arrests and, among other things, provided that class members arrested contrary to the terms of the agreement "shall be released from custody on their own recognizance without posting bond as soon as practicable." *Id.* at *5. Because Petitioner is entitled to habeas corpus relief

7

as described above, the Court declines to consider whether he is entitled to relief under the *Castanon Nava* agreement and notes that there is a process by which individuals can seek to join the *Castanon Nava* class.[3]

### VI. Scope of Relief

Petitioner requests immediate release from custody or, in the alternative, an individualized bond hearing within 5 days. Dkt. 1 at 5. Immediate release is the customary remedy in habeas proceedings. *See Thursaissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, ordering an individualized bond hearing is appropriate here because detention under § 1226(a) is discretionary and the due process violation arises from Petitioner's detention without a bond hearing.

### VII. Conclusion

For the above reasons, the Court **grants** the petition for writ of habeas corpus. Respondents' detention of Petitioner without an individualized bond hearing violates the ". . . laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Within **five days** of this order, Respondents must either: (1) provide Petitioner with an individualized bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a); or (2) release Petitioner from custody, under reasonable conditions of supervision. Respondents must document that they have provided Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or that they have released him. Respondents **must file notice with the court within four days** of either action.

The **clerk is directed** to enter final judgment.

---

[3] *See* Referral Form: Castanon Nava Settlement Violations, available at https://immigrantjustice.org/referral-form-castanon-nava-settlement-violations-formulario-de-remision-sobre-violaciones-del-acuerdo-castanon-nava/ (last accessed November 19, 2025).

**IT IS SO ORDERED.**

Date:   12/9/2025

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel of record